IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Veronica R. McNeil, On Behalf of Herself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Low Country Laundry & Dry Cleaning LLC, and Courtney Friedman., *individually,*<br><br>Defendants. | CIVIL ACTION NO.: 2:17-2429-DCN<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Veronica R McNeil, individually and on behalf of all others similarly situated, by way of her Complaint in the above-captioned matter, alleges and shows unto this Honorable Court the following:

**NATURE OF CLAIM**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. The Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and other similarly situated employees of the Defendants who suffered damages as a result of Defendants' violations of the FLSA.

3. Plaintiff also brings individual claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*. (SCPWA).

1

**PARTIES, JURISDICTION AND VENUE**

4. Plaintiff Veronica McNeil is a resident of Summerville, South Carolina.

5. Defendant, Low Country Laundry & Dry Cleaning LLC., is a for-profit corporation, registered with the South Carolina Secretary of State.

6. Defendant, Courtney Friedman, owns and operates Low Country Laundry & Dry Cleaning LLC, for profit and employs persons such as Plaintiff and other similarly situated employees to work on his behalf in providing labor for his business. Defendant is within the personal jurisdiction and venue of this Court.

7. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in South Carolina. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

8. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all similarly situated employees who worked in excess of forty (40) hours during certain workweeks without receiving overtime compensation during the last three years.

9. This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

10. Defendant, Low Country Laundry & Dry Cleaning LLC., is a full service dry cleaner and laundry service with pick-up and delivery. The Defendants customers are comprised of individuals and businesses.

11.     The Defendants own and operate three Charleston locations: 107 Rutledge Avenue, 70 Folly Road, 4400 Marblehead Lane plus a storefront and dry-cleaning plant which is located at 1200 Queensboro Boulevard.

12.     Upon information and belief, Low Country Laundry & Dry Cleaning LLC services 36 hotels, 14 restaurants, and 6 hospitals.

13.     Defendant Courtney Friedman, owns and operates Low Country Laundry & Dry Cleaning LLC. and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority Courtney Friedman was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

14.     At all times relevant to this complaint, Plaintiff and similarly situated workers were non-exempt employees for purposes of the overtime compensation provisions of the FLSA.

15.     The Defendants employed Plaintiff from approximately March 2012 until approximately April 21, 2017.

16.     Plaintiff was hired as counter clerk.  Plaintiff was later given the title of manager however she had no actual management responsibilities.

17.     Plaintiff and other similarly situated employees had an employment agreement with the Defendants, whereby the Defendants agreed to pay them an hourly rate for all hours worked.

18.     Plaintiff primary job duties were to assist customers who were dropping off or picking up their laundry and dry cleaning. Plaintiff was also responsible for

3

performing the "fluff and fold" service that the Defendants offered to their customers. Thus, Plaintiff washed and folded customers' laundry.

19. Plaintiff's job duties were unchanged when her job title changed from counter person to manager. The major difference being that as manager she was required to fill-in for employees that called in sick or were on vacation. This meant she occasionally delivered and picked up bed linens, towels, table clothes to the commercial accounts.

20. Plaintiff did not interview, hire or fire employees.

21. Plaintiff was not responsible for setting employees rate of pay.

22. Plaintiff did not have authority to discipline employees.

23. Plaintiff did not set the schedule for other employees.

24. Plaintiff and similarly situated employees regularly worked over forty (40) hours in a work week and were not compensated at time and half of their hourly rate.

25. At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the FLSA.

26. The Defendant did not maintain accurate records of the hours that Plaintiff and similarly situated employees worked.

27. During the relevant periods, Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week, and they were not compensated for time and half of their hourly wage.

28. Plaintiff regularly worked over fifty (50) hours a week and did not receive overtime compensation at time and half of her regular rate of pay.

4

29. Defendants had a willful policy of requiring Plaintiff and similarly situated employees to work over forty hours a week and not paying them overtime.

30. The Defendants engaged in the practice of "time shaving" whereby they reduced their labor costs by deleting the time worked that Plaintiff's and other similarly situated employees completed in violation of the FLSA and SCWPA. These reductions resulted in Plaintiff, as well as similarly situated employees being shorted on straight time pay and overtime pay.

31. Plaintiff worked for Defendants with the clear understanding and agreement by Defendant that her compensation would be consistent with all applicable laws, including federal and state wage and hour laws

32. Plaintiff had an employment agreement with the Defendants, whereby she earned vacation time and paid time off based upon the amount of days worked.

33. Plaintiff had accrued two (2) weeks of vacation and paid time off prior to separating from employment.

34. As per Defendants policy and practice Plaintiff requested that she be paid for the vacation and paid time off she earned in her last pay check.

35. The Defendants did compensate Plaintiff for her vacation time despite her request.

36. Defendants' actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

37. Plaintiff is entitled to lost wages and an additional equal amount as liquidated damages. The Plaintiff is also entitled to recover her reasonable attorney's fees and costs of this action.

## **FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

38. Plaintiff, on behalf of herself and all similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

39. At all times pertinent to this Complaint, each of the Defendants was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

40. At all times pertinent to this Complaint, Plaintiff and similarly situated employees were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

41. At all times relevant herein, each Defendants were an "employer" of Plaintiff and similarly situated employees as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

42. Defendants employed Plaintiff and similarly situated employees for workweeks longer than forty (40) hours without compensating Plaintiff and similarly situated employees at a rate of one and on-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

43. Plaintiff and similarly situated employees are entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION
(South Carolina Payment of Wages Act)
(Individual Claim)

44. Plaintiff, on behalf of herself incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

45. Plaintiff worked for Defendants with the clear understanding and agreement by Defendants that her compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

46. Plaintiff had an employment agreement with Defendants whereby she would be paid for all hours worked plus vacation pay and paid time off.

47. Each Defendant is an "employer" as defined by the S.C. Code Ann § 41-10-10(1).

48. S.C. Code Ann § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract".

49. Defendants owe Plaintiff "wages" as defined in S.C Code Ann. § 41-10-10 (2) of the SCPWA, to compensate them for labor rendered to Defendants, as promised to Plaintiff and as required by law.

50. Pursuant to the SCPWA, "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law. . . ." S.C. Code Ann. § 41-10-40(C).

51. Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. Code Ann. § 41-10-30(A).

52. Defendants have failed to pay Plaintiff all wages due, as required by SCPWA.

53. Defendants also failed to pay Plaintiff according to their employment agreement.

54. Accordingly, Plaintiff is entitled to receive all compensation due and owing to her including recovery of vacation and paid time off.

55. Pursuant to S.C. Code § 41-10-80(C), Plaintiff is entitled to recover in this action an amount equal to three times the full amount of her unpaid wages, or wrongfully deducted wages, plus costs and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, seeks judgment against the Defendants as follows:

   a. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

   b. Judgment against Defendants for all overtime worked at one and one half times the regular rate of pay;

   c. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

   d. Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

    e. Liquidated damages in an amount equivalent to the overtime damages, and unpaid minimum wages owed to Plaintiff;

    f. Attorneys' fees and costs; and

    g. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff McNeil on her behalf and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037 Chuck Dawley Blvd
Building D, Suite 104
Mount Pleasant, South Carolina 29464
(800) 385-8160 Phone and Fax
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

September 10, 2017
Mount Pleasant, South Carolina.